IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN ADAM RILLO,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　　)　1:17CV938
　　　　v.　　　　　　　　　　　　　)　1:14CR341-1
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　　 )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Adam Rillo, a federal prisoner, brings a Motion [Doc. #27] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 30, 2014, Petitioner pled guilty to an Information [Doc. #1] alleging one count of possessing a listed chemical with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). In return under the Plea Agreement [Doc. #4], the Government agreed to limit the amount of drugs attributed to Petitioner for purposes of sentencing, dismiss an Indictment in case 1:14CR246-1 charging four other drug and firearm offenses, and recommend a third level of reduction for acceptance of responsibility under the United States Sentencing Guidelines if Petitioner qualified for a two-level reduction. In a Judgment [Doc. #12] entered on January 30, 2015, Petitioner received a sentence of 57 months of imprisonment for the drug charge and a consecutive sentence of 60 months of imprisonment for the firearm charge. Petitioner unsuccessfully pursued a direct appeal before filing his

current Motion. Respondent filed a Response [Doc. #32] opposing the Motion, Petitioner filed a Reply [Doc. #36], and Petitioner's Motion is now before the Court for a ruling.

Facts

The basic facts of the case, as described in the Factual Basis [Doc. #5], are as follows. Petitioner called authorities to his house, reporting that someone was shooting at him. After a deputy arrived at Petitioner's home, the deputy saw Petitioner removing items from his vehicle and asked him about them. Petitioner stated that the items were coffee filters. The deputy asked to search Petitioner's vehicle and Petitioner consented, but first tried to remove two jackets from the vehicle. Officers observed Petitioner concealing a firearm as he removed the jackets. Officers ordered Petitioner to drop the firearms and then handcuffed Petitioner for officer safety and patted him down, finding two small baggies of methamphetamine. Based on the items they had found, authorities obtained a search warrant for Petitioner's residence. The resulting search uncovered a long list of chemicals and items used in conjunction with the manufacture of methamphetamine. Also found were a Mossberg rifle containing five rounds of ammunition and a 12 gauge shotgun also containing five rounds of ammunition.

Petitioner's Claims

Petitioner sets out two potential claims for relief in his Motion. Petitioner's first claim alleges that he did not possess a firearm in relation to a drug trafficking crime and that, therefore, his guilty plea to the § 924(c) count is invalid because his attorney provided ineffective assistance of counsel by not properly analyzing the elements of the offense and advising Petitioner accordingly. (Motion § 12, Ground One.) In Petitioner's second claim for

2

relief he alleges that his conviction and sentence under § 924(c) are invalid because he did not violate that statute. (Motion § 12, Ground Two.)

Discussion

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the first prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong of Strickland, to show prejudice when challenging a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). The Court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Further, "[w]hen a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363

3

(4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations and internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, Petitioner was placed under oath at his change of plea hearing. (Plea Tr. [Doc. #18] at 2.) He then stated that he was 41 years old, had earned his diploma in school, could read and understand the Information and Plea Agreement, and was not under the influence of drugs or alcohol. (Id. at 3.) He later agreed that he had discussed the charges with his attorney and that he was fully satisfied with her services. (Id. at 8.) Petitioner also stated that he understood that he had a right to proceed to trial and to have the Government prove every element of the offenses beyond a reasonable doubt. (Id. at 19.) He was further advised of the elements of the firearm count, including, "One, that you committed a drug trafficking crime as described in the indictment, that is, possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 USC Section 841(c)(1). And, two, in furtherance of that crime, you knowingly possessed a firearm." (Id. at 21.) Petitioner stated that he understood the elements, had no questions, and wished to plead guilty to that count. (Id. at 21-22.)

4

Petitioner now argues that his attorney misadvised him when telling him he should plead guilty to the firearm offense and that he was, in fact, not guilty of that offense. He admits that he engaged in a drug trafficking crime by possessing pseudoephedrine with intent to manufacture methamphetamine in his residence. He also still admits that he possessed two firearms in that residence. However, he contends that he is not guilty of violating § 924(c) because he did not possess the firearms in furtherance of his methamphetamine manufacturing enterprise, but only for hunting.

Petitioner's claims fail for several reasons. First, his current claims do not rebut his statements during his change of plea hearing that he fully understood the elements of the § 924(c) charge, including that he possessed the firearms in question in furtherance of his possession of pseudoephedrine with intent to manufacture methamphetamine and that he still wished to admit guilt. Petitioner presents no extraordinary circumstances that would justify disregarding these statements.

Second, Petitioner does not demonstrate that a reasonable defendant in his circumstances would not have pled guilty. He appears to believe that he can simply have his § 924(c) charge vacated. However, this is not the case. His claims, if successful, would negate his entire guilty plea and the associated plea bargain. This would allow the Government to indict and try him on the two charges to which he pled guilty, as well as any additional charges it might bring, including those in the dismissed indictment in case 1:14CR246-1. Petitioner does not proffer any defenses to those charges or explain how he could prevail at trial. He would also lose the benefit of the Plea Agreement's limitation on the amount of drugs for

5

which he was held liable at sentencing. As reflected in the Presentence Report, absent the Plea Agreement limitation to 8.4 grams of pseudoephedrine, Petitioner would have potentially been accountable for 64.8 grams of pseudoephedrine for sentencing purposes, resulting in a substantial increase in the Guideline range. In addition, absent the plea, Petitioner would likely lose all three of the levels of reduction in his sentencing range that he received for acceptance of responsibility. Thus, Petitioner's Guideline range potentially would have been significantly higher for Count One, and he still would have faced the additional 60 months for Count 2 as well as any additional amounts he could have faced for the charges in 1:14CR246. Petitioner does not explain why a rational defendant would seek to do this.

Finally, the Court notes that all of Petitioner's claims are based on his contention that the evidence in the case does not support a conclusion that he possessed firearms in furtherance of his drug activity. Petitioner points to the case of United States v. Lomax, 293 F.3d 701 (4th Cir. 2002), in which the Fourth Circuit analyzed the phrase "in furtherance of" that Congress had recently added to § 924(c)(1)(A). The amended statute required the government to prove that "the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." Lomax, 293 F.3d at 705. The jury may consider the many ways that a firearm may further or advance the drug offense. Id. The court gave examples such as providing a defense against someone trying to steal drugs or drug profits, lessening the chance that a robbery would be attempted, ensuring collection of money by the drug dealer, serving as protection if the deal turns sour or preventing such an occurrence, and finally by helping a drug dealer defend his turf by deterring other drug dealers from operating in the same area.

6

Id. The court also listed some factors that a jury might find convincing to establish a link between the firearm possession and the drug dealing. These factors include the type of drug activity, accessibility of the firearm, type of weapon, whether the weapon is stolen, whether the possession is legal, whether the gun is loaded, proximity of the gun to the drugs, and the time and circumstances under which the gun is found. Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 5th Cir. 2000)).

Examining the factors listed in Lomax, the Court notes that in the present case the drug activity appeared ongoing in that Petitioner's methamphetamine manufacturing appeared to be ongoing at his home, the firearms were accessible, they were loaded, and they were found in the residence with the methamphetamine manufacturing materials. Therefore, the firearms were at least available to protect against anyone stealing drugs or attempting to rob Petitioner because of his drug involvement. In the end, using the factors set out in Lomax, there are more than enough facts in the record to support Petitioner's guilty plea and to demonstrate that his attorney's advice to plead guilty to the § 924(c) count did not fall below the reasonable standards for a defense attorney, where the firearms were present, loaded, and available to protect the residence, which doubled as a drug manufacturing facility.[1] In addition, as noted above, Petitioner has not shown that a decision to reject the plea bargain would have been

---

[1] Additionally, the Presentence Report [Doc. #10] shows that Petitioner obtained a conviction for felony possession of stolen goods in 2003. (Presentence Report ¶ 47.) Therefore, under N.C. Gen. Stat. § 14-415.1, it appears that he was a convicted felon prohibited by state law from possessing firearms unless his rights to possess firearms had been restored. It is not clear whether or not his rights were restored but, if not, this is another Lomax factor counting against Petitioner regarding his possession of the firearms.

rational under the circumstances. Indeed, based on the factors set out above, the likely outcome of a trial had the defendant not pleaded guilty would have been a conviction on the § 924(c) charge in Count Two, and a conviction with a significantly higher sentencing range on Count One, as discussed above.

Petitioner did not receive ineffective assistance of counsel, his guilt of the § 924(c) conviction is fully supported by the record, both of his claims for relief fail, and his Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #27] to vacate, set aside or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 7th day of November, 2019.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge